## Case No. 12,087.

### ROUSE v. FLETCHER et al.

[9 O. G. 838.]

Circuit Court, D. Indiana. Nov., 1876.

PATENTS — WELL-TUBES — INFRINGEMENT — LICENSE FEE.

The following case came to hearing on the pleadings and the stipulations of counsel as to the facts. Defendants had driven two wells for their own use, and the present suit was brought to test the question of infringement. The license fee was already fixed.

[This was a bill in equity by Roswell R. Rouse against Ingram Fletcher, Albert E. Fletcher, Thomas H. Sharpe, and Ebenezer Sharpe.]

Hatch & Parkinson, for complainant.
Harrison, Hines & Miller, for defendants.

GRESHAM, District Judge. This cause being brought on for hearing upon the pleadings and stipulations of counsel, and both parties thereto appearing by their respective counsel, the court doth find: 1st. That the letters patent No. 130,871, granted to Roswell R. Rouse, the complainant herein, on the 27th day of August, 1872, for improvement in well-tubes, and the reissued letters patent No. 6,337, granted to Louis M. Rumsey and Moses Rumsey, on the 16th day of March, 1875, as a reissue of the letters patent [No. 49,129], originally granted to John M. May, August 1, 1865, for improvement in drills for well-boring, are good and valid in law. 2d. That this complainant is the sole and exclusive owner of all rights created, conferred, or secured by said reissued letters patent respectively, in and for the county of Marion, and state of Indiana. 3d.

That these defendants have infringed and violated said reissued letters patent respectively, by using, in the construction and operation of certain wells in Indianapolis, within said Marion county, well-tubes or drills embracing improvements described and claimed in said reissued letters patent.

It is therefore ordered, adjudged, and decreed: 1st. That these defendants, their servants, agents, and attorneys, be, and they hereby are, enjoined from making, using, or selling, other well-tubes or drills similar to that heretofore used by them, or to those described and claimed in said reissued letters patent, or from any use of the tubes heretofore purchased and used by them other than in the wells in which they are already sunk. 2d. That said defendants pay to said complainant, as damages for infringement of said letters patent as aforesaid, and as his royalty for the wells so made by them, and for the use of said well-tubes in constructing and operating said wells, the sum of twenty-five dollars. 3d. That said defendants pay the costs of this suit, and that in default of the payment of damages and costs, as aforesaid, within sixty days from the entry of this judgment, execution issue therefor.